Joseph RINZLER, Appellant,

v.

WESTINGHOUSE ELECTRIC CORPO-
RATION and Westinghouse Electric
Supply Company, Appellees.

No. 20314.

United States Court of Appeals
Fifth Circuit.

June 24, 1964.

Miles J. Alexander, Emmet J. Bond-
urant, Atlanta, Ga., Smith, Kilpatrick,
Cody, Rogers & McClatchey, Ernest P.
Rogers, Atlanta, Ga., Samuel Eplan, At-
lanta, Ga., of counsel, for appellant.

Eugene T. Branch, Jones, Bird &
Howell, Trammell Vickery, Atlanta, Ga.,
for appellees.

Before HUTCHESON and GEWIN,
Circuit Judges, and CONNALLY, Dis-
trict Judge.

GEWIN, Circuit Judge.

The plaintiff, Joseph Rinzler (appel-
lant), who was formerly engaged in
distributing the products of the defend-
ants (Westinghouse), filed suit seeking
treble damages under Section 4 of the
Clayton Act, 15 U.S.C. § 15,[1] for in-
juries alleged to have resulted from vio-
lations by the defendants of the Robin-
son-Patman Act, 15 U.S.C. § 13.[2] It
was claimed that the defendants engaged
in unlawful, discriminatory pricing prac-
tices which destroyed the plaintiff's busi-
ness, and that the defendants actively
pursued a course of conduct fraudulently

---

1. 15 U.S.C. § 15:
   "Any person who shall be injured in
   his business or property by reason of any-
   thing forbidden in the antitrust laws may
   sue therefor in any district court of the
   United States in the district in which the
   defendant resides or is found or has an
   agent, without respect to the amount in
   controversy, and shall recover threefold
   the damages by him sustained, and the
   cost of suit, including a reasonable at-
   torney's fee."

2. Pertinent provisions of the section are:
   "(a) It shall be unlawful for any person
   engaged in commerce, in the course of
   such commerce, either directly or indirect-
   ly, to discriminate in price between dif-
   ferent purchasers of commodities of like
   grade and quality, where either or any
   of the purchases involved in such discrim-
   ination are in commerce, where such com-
   modities are sold for use, consumption,
   or resale within the United States or any
   Territory thereof or the District of Co-
   lumbia or any insular possession or other
   place under the jurisdiction of the United
   States, and where the effect of such dis-
   crimination may be substantially to les-
   sen competition or tend to create a
   monopoly in any line of commerce, or to
   injure, destroy, or prevent competition
   with any person who either grants or
   knowingly receives the benefit of such dis-
   crimination, or with customers of either
   of them."

to conceal such unlawful, discriminatory practices and thereby induced the plaintiff to continue to purchase the defendants' products.[3] The defendants filed a motion for a partial summary judgment in the United States District Court for the Northern District of Georgia. Fed.R.Civ.P. 56. The court granted the motion, rendered summary judgment for the defendants,[4] and held that the alleged active fraudulent concealment by the defendants of their acts of price discrimination did not suspend the running of the 4-year statute of limitations provided by Section 4B of the Clayton Act. 15 U.S.C. § 15b.[5]

The parties filed a written stipulation in which it was agreed that if active concealment by the defendants of the plaintiff's cause of action was not legally sufficient to suspend or toll the running of the 4-year statute of limitations as provided by the Act, the plaintiff's alleged cause of action would be considered to be barred in its entirety. It was further stipulated that the plaintiff was not making claim for injury or damage sustained during the 4-year period prior to the filing of the complaint.

██ This is a proper case for summary judgment. We disagree with the conclusion reached by the trial court. Subsequent to the submission of the case to the trial court, a number of decisions have been rendered with respect to the extensive litigation instituted as a result of criminal proceedings against a number of large electrical companies in the United States District Court for the Eastern District of Pennsylvania.[6] These decisions leave no doubt that fraudulent concealment does toll the statute in question. On this day this Court has released its opinion in General Electric Company, et al. v. City of San Antonio, et al., 5 Cir., 334 F.2d 480, which is dispositive of this case. The holding of the trial court is in conflict with our opinion.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

3. The following allegations are contained in Paragraph 10 of the complaint:
"That defendants actively concealed the aforesaid discriminatory treatment of plaintiff and that plaintiff might not be aware thereof purposely denied, in response to repeated inquiry by plaintiff, that any of his competitors were offered or given any more favorable prices, rebates, or allowances and thus induced plaintiff to continue his purchases and resale of defendants' products in the mistaken belief of equal treatment with his competitors."

4. The following is from the order entered by the trial court:
"1. The defendants' motion for summary judgment filed herein is, in light of the stipulation between the parties dated November 12, 1962, and made the order of this Court, treated as a motion for a full summary judgment in favor of the defendants as to the merits of plaintiff's cause of action asserted herein, and, so treated, the defendants' motion for summary judgment be, and the same is hereby, granted.
"2. The plaintiff's cause of action asserted herein is barred as a matter of law by the applicable four year statute of limitations contained in Title 15, U.S.C. § 15(b); and, accordingly, the plaintiff's action is dismissed on the merits with costs of action taxed against the plaintiff."

5. 15 U.S.C. § 15b:
"Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections."

6. The instant case did no arise out of the criminal proceedings in Pennsylvania, sometimes referred to as the "Philadelphia proceedings."