Richard S. PRATHER, Plaintiff-
Appellant,

v.

NEVA PAPERBACKS, INC., et al.,
Defendants-Appellees.

No. 30515.

United States Court of Appeals,
Fifth Circuit.

June 22, 1971.

work occurred in June, 1964, but that suit was not filed until August, 1969, the district court concluded:

"Thus, without deciding whether local equitable doctrines would apply to toll the applicable statute, there are no circumstances here sufficient to excuse plaintiff's lack of knowledge of the infringement, whether under the Florida rule or general equitable considerations."

Plaintiff appeals from this decision, claiming that the court should have applied the Florida Blameless Ignorance doctrine to toll the statute of limitations. Contending that under that doctrine there was a material issue of disputed fact, plaintiff argues that the district court's granting of defendants' motion for summary judgment was inappropriate. Agreeing with the determination of the district court, we affirm.

Richard L. Horn, Miami, Fla., Allan Milledge, Milledge & Horn, Miami, Fla., for plaintiff-appellant.

Herbert T. Schwartz, Bennett, Schwartz & Schwartz, Gainesville, Fla., for defendant-appellee Stanley R. Schrag.

Burnett Roth, Miami Beach, Fla., for Neva Paperbacks, Inc.

Before WISDOM, Circuit Judge, DAVIS,* Judge, and GOLDBERG, Circuit Judge.

GOLDBERG, Circuit Judge:

This is a copyright infringement suit in which the plaintiff alleges that the defendants' book, "Call Box," was plagiarized from several of plaintiff's novels. The trial court granted summary judgment for the defendants on the ground that 17 U.S.C.A. § 115(b),[1] the three year statute of limitations applicable to infringement actions, barred plaintiff's suit. Finding that the last publication of the alleged infringing

Appellant's contention rests primarily on the proposition that the Florida Blameless Ignorance rule should have been applied to toll the three year statute of limitations. We need not tarry over the substantive contents of the Florida doctrine, however, since we find it inapplicable to the present case. We base this conclusion on the legislative history of 17 U.S.C.A. § 115(b). Prior to 1957 there was no statute of limitations on civil suits relating to copyright infringement, and courts applied the law of the state in which the action was brought. This led to a wide divergence of time periods in which infringement suits could be brought in the various states and thus encouraged forum shopping. The Senate report on the bill which became the limitations statute leaves no doubt but that the purpose of the legislation incorporating the three year limitations period was to provide a uniform federal period of limitations ap-

---

* Hon. Oscar H. Davis, U. S. Court of Claims, Washington, D. C., sitting by designation.

1. 17 U.S.C.A. § 115(b)

Civil Actions. No civil action shall be maintained under the provisions of this title unless the same is commenced within three years after the claim accrued.

plicable throughout the United States. 2 U.S. Code Cong. and Adm. News 1961 (1957). The report also makes it clear that the intent of the drafters was that the limitations period would affect the remedy only, not the substantive right, and that equitable considerations would therefore apply to suspend the running of the statute. Although the committee report mentions "equitable considerations of the locality" we think the drafters could not have intended that each court apply those equitable considerations peculiar to its locality since to do so would completely destroy the announced Congressional purpose of providing a federal statute of limitations uniform throughout the United States. We refuse to attribute to Congress by virtue of a single, ambiguous statement in the legislative history a purpose of undermining the very goal which it desired to reach. In speaking of "equitable considerations of the locality" Congress could logically have had reference only to the fact that general equitable considerations were available to toll the statute. These equitable considerations must be derived from general principles applicable to every federal forum, not those peculiar to a local jurisdiction, if the announced purpose of providing a uniform limitations period throughout the United States is to be achieved. In short, the federal statute seeks to nationalize the copyright statute of limitations, but if each state can fetter, condition, and entail its effect, we end with a parochial instead of a national statute. We refuse to so frustrate the Congressional goal of homogeneity. Consequently, we must reject plaintiff's contention that the Florida Blameless Ignorance Rule, which is after all only a peculiarly local doctrine, should be applied. Instead, we must look to general equitable principles to determine. the proper disposition of this cause.

■ Under general equitable doctrines, once a defendant has shown that a claim is time barred by the applicable statute of limitations, it is incumbent upon the plaintiff, if he is to avoid the bar, to come forward and demonstrate that for some equitable reason the statute should be tolled in his case. Japanese War Notes Claimants Association of Philippines, Inc. v. United States, 1967, 373 F.2d 356, 178 Ct.Cl. 630; Crummer Co. v. DuPont, 5 Cir. 1958, 255 F.2d 425.

■ In the instant case plaintiff's only alleged excuse for failing to file a timely suit is that he was ignorant because the defendants concealed from him the existence of "Call Box" and prevented him from obtaining a copy of that book. The facts of this alleged concealment are undisputed. The plaintiff in an earlier infringement suit against these same defendants, see Prather v. Neva Paperbacks, 5 Cir. 1969, 410 F.2d 698, asked during discovery for a list of all of defendants' publications submitted by a particular author. "Call Box," although it had been submitted to defendants by that author, was not included in the list. Subsequently, in later interrogatories propounded in that same suit, plaintiff asked directly whether defendants had published "Call Box." Defendants replied that they had. It is apparently the omission of "Call Box" from the initial answer which forms the basis of plaintiff's concealment claim in this suit. Since the facts surrounding this concealment claim are undisputed, the trial court was perfectly correct in deciding on summary judgment whether these facts were sufficient as a matter of law to toll the three year statute of limitation. Ammons v. Franklin Life Ins. Co., 5 Cir. 1965, 348 F.2d 414; Rinzler v. Westinghouse Electric Corp., 5 Cir. 1964, 333 F.2d 719; Ayers v. Davidson, 5 Cir. 1960, 285 F.2d 137. It found that they were not, and we agree.

■ It is a well settled principle of general common law, Arkansas Natural Gas Co. v. Sartor, 5 Cir. 1935, 78 F.2d 924; 51 Am.Jur.2d, Limitations of Actions § 146, as well as of federal law, Crummer Co. v. DuPont, *supra*, that

fraudulent concealment[2] of a cause of action by the defendant will toll the statute of limitations. As this court explained in Crummer, however, two elements are required before this equitable principle is applicable: the plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment.

In the instant case the plaintiff has not brought himself within this doctrine since he has not even alleged that he was ignorant of his cause of action. It appears, in fact, that plaintiff knew about the book "Call Box" since he specifically inquired about this book in the later discovery procedures. The real problem seems to have been plaintiff's inability to procure a copy of this work. In essence, the plaintiff suspected that he had a cause of action, but could not prove the infringement without the book. Such a showing is insufficient to toll the statute of limitations. As the Court of Claims explained in Japanese War Notes Claimants Association of Philippines, Inc. v. United States, *supra*, 373 F.2d at 359:

> "Once the statute of limitations has been tolled, it is not necessary that plaintiff obtain a thorough understanding of all the facts to halt the suspension. Defendant is not required to wait until plaintiff has started substantiating its claims by the discovery of evidence. Once plaintiff is on inquiry that it has a potential claim, the statute can start to run. See, Mich.L.Rev. supra, at 912. This standard is in line with the modern philosophy of pleading which has reduced the requirements of the petition and left for discovery and other pretrial procedures the opportunity to flesh out claims and to define more narrowly the disputed facts and issues."

 Thus we conclude that the mere fact that plaintiff was unable to procure a copy of the book is insufficient to show the successful concealment necessary to toll the statute of limitations. This was merely ignorance of evidence, not ignorance of a potential claim. The appellant knew of the alleged infringement, but did not have in his possession the precise minutiae of the plagiarism. The bells do not toll the limitations statute while one ferrets the facts. Consequently, the plaintiff did not allege facts which if true would justify tolling the statute of limitations. The district court was therefore correct in granting summary judgment, and its decision is affirmed.

Affirmed.

2. This doctrine, which is applicable to any cause of action, should not be confused with the doctrine applicable where the gist of the action itself is fraud, and the concealment is inherent in the fraud. See e. g., Holmberg v. Armbrecht, 1946, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743.