Ben F. BLANSETT, Plaintiff-Appellant,

v.

AMERICAN EMPLOYERS INSURANCE COMPANY, Defendant-Appellee.

No. 81-4071

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

Aug. 4, 1981.

David M. Sessums, Vicksburg, Miss., for plaintiff-appellant.

Thomas C. Gerity, Jackson, Miss., for defendant-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

Mississippi law governs this diversity case, which requires us to construe an insurance contract in an unusual context: that of jurisdiction.

Appellant Blansett owned seven vehicles insured by appellee. The policy specified a separate premium for $10,000 of uninsured motorist coverage that it provided on each vehicle. During the coverage period, Mr. Blansett recovered an $85,000 judgment for bodily injuries that he suffered in a collision with two uninsured motorists while he was driving one of the insured vehicles. Construing the policies as permitting aggregation of the seven policy limits of $10,000 each, he made demand on the appellee for $70,000. Appellee responded with a tender of the $10,000 policy limit on the involved vehicle.

Dissatisfied with this response, Mr. Blansett brought this suit in federal court. On motion to dismiss for want of jurisdiction, the court concluded that the amount in controversy did not exceed the sum or value of $10,000, exclusive of interest or costs, thus agreeing with appellee's construction of the policy as forbidding aggregation. It

therefore granted the motion to dismiss, and Mr. Blansett appeals to us. The sole issue presented is whether Mr. Blansett's policy effectively limits his possible recovery here to $10,000.

### The Applicable Mississippi Law

It is the law of Mississippi that:

[A]n insurance company can legally insure more than one automobile in the same policy and limit its uninsured motorist coverage to the minimum amounts specified by the financial responsibility law. However, as indicated in *Talbot* [*v. State Farm Mutual Automobile Ins. Co.*, 291 So.2d 699 (Miss.1974)], this must be done by clear and unambiguous language. Especially is this true, where as here, the insurance company charges a separate premium for the uninsured motorist coverage.

*Hartford Accident and Indemnity Co. v. Bridges*, 350 So.2d 1379, 1381 (Miss.1977).

Thus, if the language in question here can be said to be unclear or ambiguous, it must be construed most strongly against appellee, the drafter of it. *State Farm Mutual Automobile Insurance Co. v. Taylor*, 233 So.2d 805 (Miss.1970). It is also true, however, as was noted by a distinguished Mississippi lawyer and district judge of our circuit in *Brander v. Nabors*, 443 F.Supp. 764, 769 (N.D.Miss.1978), that:

It is equally well settled law that "the special rules favoring the insured are only applicable when there *is* an ambiguity . . . [and that] courts ought not to strain to find such ambiguities, if, in so doing, they defeat probable intentions of the parties . . . even when the result is an apparently harsh consequence to the insured," *Calcasieu-Marine National Bank of Lake Charles v. American Employers' Ins. Co.*, 533 F.2d 290, 296 (emphasis added) (5 Cir. 1976); *State Auto. Mutual Ins. Co. of Columbus, Ohio v. Glover*, 253 Miss. 477, 176 So.2d 256 (1965). Courts will neither create an ambiguity where none exists nor make a new contract for the parties. *Life & Casualty Ins. Co. of Tennessee v. Harvison*, 187 So.2d 847 (Miss.

1966). If the policy language is clear, unequivocal, and, hence, unambiguous, its terms will be enforced, *Employers Mutual Cas. Co. v. Nosser*, 250 Miss. 542, 164 So.2d 426, suggestion of error overruled, 250 Miss. 542, 168 So.2d 119 (1964); *Caldwell v. Hartford Accident & Indemnity Co.*, 248 Miss. 767, 160 So.2d 209 (1964) . . . .

Judge Keady's opinion in *Brander* was affirmed as correct by us at 579 F.2d 888 (5th Cir. 1978).

Finally, we acknowledge that recent decisions of the Mississippi Supreme Court have been diligent in their scrutiny of policies for ambiguity in such situations as this, ascertaining it where we might perhaps not have done so. *See Pearthree v. Hartford Accident & Indemnity Co.*, 373 So.2d 267 (Miss.1979), and cases cited there. Faithful to the *Erie* command, we scrutinize the policy before us with great care and all indulgence to the insured. Even so, we are—wanting as we do a square holding from the Mississippi courts on identical policy language—obliged to follow our own lights as to what is or is not ambiguous, definitions of the term being the same everywhere.

### The Policy Language

In pertinent part, Mr. Blansett's policy provides as follows:

SCHEDULE

| COVERAGE | LIMITS OF LIABILITY | ADVANCE PREMIUM |
|---|---|---|
| U. Uninsured Motorists | $10,000.00 each person $20,000.00 each accident | $ Incl. |

### II. LIMITS OF LIABILITY

*Regardless of the number of* (1) persons or insureds under this policy, (2) persons who sustain bodily injury, (3) claims made or suits brought on account of bodily injury, or (4) *highway vehicles to which this policy applies*,

(a) *The limit of liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages because of*

*bodily injury sustained by one person as the result of any one accident* and, subject to the above provision respecting "each person," the limit of liability stated in the schedule as applicable to "each accident" is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident.

(Emphasis added). Elsewhere in the policy the term "highway vehicle" is defined as "a land vehicle or trailer other than" various conveyances of types not involved here: tractors, rail or track-laying vehicles, etc.

### Construction and Application

Thus, the language that we are to construe and apply to the facts of this appeal may be fairly stated in a slightly rearranged fashion:

Regardless of the number of ... highway vehicles to which this policy applies, the limit of liability stated in the schedule is applicable to "each person" [$10,000] is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident....

Here, without dispute, we contemplate more than one "highway vehicle" insured by the policy, a circumstance that the policy language very plainly directs us to disregard. We also view, without dispute, one person who suffered one incident of bodily injury in one accident. The company's liability for all his damages, the policy plainly states, is limited to $10,000.

Invention fails us. Even straining to do so, we can discern no relevant ambiguity in this language. The district court was right. Its judgment is

AFFIRMED.