Winston Churchill **PUERTO**

v.

**MARINE TRANSPORT LINES, INC. and Marine Sulphur Shipping Corp.**

Civil Action No. G–97–205.

United States District Court, S.D. Texas, Galveston Division.

Sept. 24, 1997.

Arthur Louis Schechter, Arthur L. Schechter and Associates, Galveston, TX, for Plaintiff.

Chris J. McGrath, Legge Farrow Kimmitt and McGrath, Houston, TX, for Defendants.

## ORDER DENYING MOTION TO TRANSFER VENUE

KENT, District Judge.

This is a personal injury case arising under the Jones Act and general maritime law. Plaintiff allegedly was injured on November 15, 1996 while working aboard the S/S MARINE DUVAL. He filed this case against Defendants on April 14, 1997. Now before the Court is Defendants' Motion to Transfer Venue of August 14, 1997. For the reasons set forth below, the Motion is **DENIED.**

Defendants seek a transfer to the Middle District of Florida based on 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendants bear the burden of demonstrating to the Court that it should, in its sound discretion, decide to transfer the action. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (holding that the decision to transfer rests within the sound discretion of the district court); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) (holding that the defendant bears the burden of demonstrating that the action should be transferred).

## I. ANALYSIS

■ The Court weighs the following factors when deciding whether a venue transfer is warranted: the availability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993); *Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

### 1) Availability and Convenience of Witnesses and Parties

■ Defendants' request of a transfer of venue to the Middle District of Florida is based on several factors. First, none of the parties to this lawsuit are residents of Texas. Defendants further argue that none of the witnesses to the accident live in Texas, but instead, live in various parts of the world, including Florida, Virginia, New York, Maine, and Guatemala. The convenience of the witnesses and the parties is generally a primary concern of this Court when considering transfer motions. Here, although Defendants list a multitude of potential witnesses, including all persons aboard the vessel at the time of the accident, only six of those identified are key witnesses who will likely testify to the facts surrounding the accident. C/M Jones, 3/M Ross, GVAI Wheatley, and Boatswain Rivers actually witnessed the accident in which Plaintiff was injured. A.B. Ladefoged, although not an eye witness, has knowledge of, and is expected to testify about, deck conditions at the time of Plaintiff's accident. These key witnesses identified by Defendants live in Florida, Maine, Virginia, Florida, and Guatemala respectively. Defendant also argues that the Ship Superintendent, who resides in New York, is expected to testify. Thus, the key witnesses identified by Defendants are not just from Florida, but are instead from many different locations. Defendants have failed to demonstrate how bringing witnesses, who hail from Virginia, New York, Maine, New Jersey, and Guatemala, to the Middle District of Florida, or any other forum for that matter, is more convenient than bringing them here to Galveston. Moreover, the two witnesses from Florida, and most of the other witnesses identified, are Defendants' employees. As such, "their convenience is entitled to less weight because [Defendant] will be able to compel their testimony at trial." *Continental Airlines*, 805 F.Supp. at 1397. Furthermore, many of these witnesses remain part of the crew of the MARINE DUVAL; by Defendants' own admission, the MARINE DUVAL does business in Texas by shipping cargo to and from the ports of Houston and Galveston. It is therefore likely that a trial in the Galveston Division may be much more convenient for these witnesses.

In support of transfer, Defendant also argues that Plaintiff received treatment from at least sixteen health care providers, all of which live in Florida. A closer inspection of the medical personnel identified as potential witnesses by Defendants reveals that this list includes an anesthesiologist, x-ray interpreter, pathologist, several hospitals and clinics, and members of an ambulance service. The Court is distressed by the ludicrous assertion by Defendants that all listed medical providers, including at least ten clinics and hospitals, are expected to testify. By Defendants' own admission, Plaintiff's primary treating physician resides in Miami, outside of the subpoena range of the Middle District of Florida, and Plaintiff's physician, consulted in preparation for this lawsuit, resides in the Southern District of Texas. Neither reside in the Middle District of Florida.

When determining the relative conveniences of transfer, the Court also considers the residences of the parties in the action. None of the parties to this action reside in the Southern District. Indeed, Defendants' home offices are in New Jersey. However, after a careful study of a United States map, the Court fails to see how it would be more convenient to hold trial of this matter in the Middle District of Florida when the Galveston Division is clearly a shorter journey for Defendants. Moreover, although they claim to be, Defendants are not strangers to the Southern District; both maintain offices here. Plaintiff, who has *chosen* this forum, lives in Florida, but not in the Middle District. A careful consideration of the relative conveniences of the parties and witnesses militates against transfer.

### 2) Location of Counsel

Neither parties' counsel live in the Middle District of Florida; instead, both live in the Southern District. Although this factor is not of primary importance, the Court does "give some weight to location of counsel if Plaintiff chooses local counsel to bring the suit." *Dupre*, 810 F.Supp. at 826. Thus, this factor militates against transfer and supports trial of this case in the Galveston Division.

### 3) Location of Books and Records

According to Defendants' Motion to Transfer, all records pertaining to the operations of the MARINE DUVAL are located in Weehawken, New Jersey. Defendants do not contend that the location of these books and records is of paramount importance in this case. The Court agrees. *See Dupre*, 810 F.Supp. at 826–27 (noting that a personal injury action is typically not the type of action where the location of books and records is of paramount importance, and stating "the liability question is usually proven through eye witnesses rather than documents and the damages issue ... usually does not involve enough documents as to be an overwhelming factor"). Although Defendants argue that this case should be transferred because virtually all of Plaintiff's medical records are located in Florida, the Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston. *See Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1397 (S.D.Tex.1992) (observing in a personal injury case that "it is unlikely that all ... relevant documents will be needed for trial and ... [could] be produced and examined anywhere for discovery purposes."). Furthermore, Plaintiff was injured less than a year ago. The Court finds dubious any contention that the amount of records needing to be transferred to Galveston for the trial of this case is prohibitive; therefore, the Court places little weight in this factor as applied to the present facts.

### 4) Trial Expenses

Defendants argue that "[t]he cost of obtaining witnesses at trial in the Southern District of Texas is *the major* factor supporting transfer ..." (Motion to Transfer, p. 7 (emphasis added)). However, in light of the facts alleged in Defendants' Motion to Transfer, this argument has little merit. As discussed above, most of the witnesses reside in places other than Florida, the location of books and records is of little consequence to this case, most of the witnesses remain employed by Defendants aboard the MARINE DUVAL. To the contrary, the Court finds that the costs associated with trying this suit in Galveston likely will be less than those incurred by trying this case in the Middle District of Florida.

### 5) Place of the Alleged Wrong

█ Plaintiff was injured in Tampa, within the Middle District of Florida. This factor supports transfer. However, although the place of the alleged wrong is an important factor to consider when deciding whether to transfer venue, it is not the sole factor. *See Dupre*, 810 F.Supp. at 824; Furthermore, by Defendants' own admission, the MARINE DUVAL continues to make frequent stops in Galveston and Houston. Therefore, the Court finds that the residents of the Southern District have more than a passing interest in the outcome of this litigation and the safety of operations aboard the MARINE DUVAL. *Cf. Continental Airlines*, 805 F.Supp. at 1399. ("Plaintiffs alleged Defendants engaged in violation of the ... law; to the extent residents in the Galveston Division suffered from these actions ... it cannot be said that they have no interest in the outcome of this litigation.").

### 6) Possibility of Delay and Plaintiff's Choice of Forum

Plaintiff's choice to litigate this case in the Galveston Division of the Southern District is entitled to great deference. *See United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 683 (W.D.Tex.1986) (asserting that plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"); *Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 171 (S.D.Tex.1997) (Kent, J.). Furthermore, the possibility of delay plays a large role in the Court's analysis. *See Dupre*, 810 F.Supp. at 828. Plaintiff was injured in November of 1996 and filed this case in April of 1997. Almost a year has passed since Plaintiff's accident. Although Defendants have the burden to demonstrate that transfer is proper, they have failed to establish any valid basis that warrants subjecting this case to the delays inherent in any transfer to any District. *See Dupre*, 810 F.Supp. at 828 (a prompt trial "is not without relevance to the convenience of parties and witnesses and the interest of justice"); *Sanders v. State Street Bank*, 813 F.Supp. 529, 536 (S.D.Tex.1993) (Kent, J.).

## II. CONCLUSION

After careful consideration of the above factors in light of the facts in this case, the Court is unconvinced that the convenience realized and the expenses saved, if any, by transferring this case to the Middle District of Florida is sufficient to deprive the Plaintiff of his chosen forum, particularly in light of the delay that is almost certain to follow any transfer to any District. *See United Sonics,* 661 F.Supp. at 683; *Dupre,* 810 F.Supp. at 828. The Court realizes that Plaintiff is not a resident of the Galveston Division, but for whatever reason, he has chosen to file his suit here and the Court finds no factors that outweigh this choice.

In past cases, this Court has repeatedly denied these particular Defendants' attempts to transfer venue out of the Southern District of Texas. Both Defendants have offices in this District. The MARINE DUVAL has been a fixture in Galveston's marine community for over thirty years. Indeed, Galveston is essentially the home port of the MARINE DUVAL. Furthermore, as a young lawyer, this Court represented MARINE DUVAL interests here in Galveston on at least a dozen occasions. The Court finds that any claim by Defendants that venue is improper in the Southern District of Texas, Galveston Division, is totally and absolutely devoid of merit. In the Court's view, in this age of convenient travel, communication, discovery, and trial testimony preservation, this Court will be as, or more, convenient as any other.

For the reasons stated above, Defendant's Motion to Transfer Venue is hereby **DENIED**. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**