Gary **MYERS**, Individually on Behalf of Himself and on Behalf of All Others Similarly Situated, Plaintiff,

v.

The **GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, INC.**, Defendant.

No. CIV. A. 2:97CV35–D–B.

United States District Court,
N.D. Mississippi,
Delta Division.

April 15, 1998.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Presently before the court is the Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue.[1] Finding the motion to dismiss not well-taken, this court shall deny it. Finding the motion to transfer well-taken, this court shall grant it.

### I. Factual[2] and Procedural Background

On or about March 9, 1988, the Plaintiff Gary Myers purchased a whole life insurance policy from the Defendant Guardian Life Insurance Company of America, Inc., (Guardian). The policy was a "vanishing premium" life insurance policy. That is, Guardian represented through sales presentations and illustrations that out-of-pocket premium payments would "vanish" on a date certain. Complaint ¶ 6. The out-of-pocket payments would vanish because the early payments would finally total a sum large enough for the policy to begin paying for itself with the interest it would be earning. Complaint ¶ 6. In his complaint, Mr. Myers does not plead whether the date certain has passed. Mr. Myers has made and will continue to make all premium payments on the policy. Complaint ¶ 10.

On February 25, 1997, Mr. Myers filed the present putative class action lawsuit against Guardian. In his complaint, Mr. Myers stated,

> Contrary to Guardian's express representations at the time of sale, the Policies' premiums would not in fact 'vanish' on the date promised, and plaintiff and the Class would be required to pay additional out-of-pocket premiums beyond those shown at the time of sale. In sum, Guardian knowingly and recklessly manipulated its vanishing premium Policy illustrations to artificially enhance the illustrated Policy performance through a variety of insupportable assumptions and actuarial devices.

Complaint, ¶ 8. Consequently, Mr. Myers asserted the following causes of action: fraud, fraudulent inducement, breach of fiduciary duty/constructive fraud, tortious breach of duty to deal with insured in good faith, negligence, negligent misrepresentation, unfair trade practices, unjust enrichment and imposition of a constructive trust, and declaratory relief.

Guardian moves to dismiss all of the plaintiff's claims. Guardian presents eight arguments supporting dismissal:

1. [P]laintiff, having suffered no damages, cannot meet the amount in controversy requirement of 28 U.S.C. 1332 . . . .

2. [P]laintiff, having failed to plead damages adequately, does not state a claim as to any of his causes of action. . . .

3. [P]laintiff, having suffered no damages, can offer allegations only of *future* injury which are insufficient to confer standing.

4. All claims fail because they are not "ripe" for adjudication since they concern uncertain and contingent future events.

5. All claims fail as a matter of law because they are flatly contradicted by the express terms of the written and fully integrated insurance contract signed by plaintiff.

6. All claims are barred by the statutes of limitations.

7. All claims should be dismissed because they are fraud based and have not been pled with particularity pursuant to Fed.R.Civ.P. 9(b).

8. The purported breach of fiduciary duty claim fails because no fiduciary relationship exists between an insurer and an insured under a first-party insurance contract.

The Guardian Life Insurance Company of America's Motion to Dismiss or, in the Alter-

---

**1.** Two other matters before this court are the Defendant's request for oral argument and the Plaintiff's motion to exceed page limitation. This court shall deny the request for oral argument and grant the motion to exceed page limitation.

**2.** In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis–Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir.1995). The following statement of the facts is so drafted.

native, Motion to Transfer Venue and Request for Oral Argument (Motion to Dismiss), pp. 1–2 (numbering added). This court will address each of Guardian's arguments in turn.

## II. Discussion

### A. Standard of Review for a Motion to Dismiss under Rule 12(b)(6)

This court shall review most [3] of Guardian's arguments using the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion is disfavored, and it is rarely granted. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986); *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis–Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) (alterations and citations omitted). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Id.* (quoting 3 Wright & Miller, Federal Practice & Procedure: Civil 2d § 1216, pp. 156–59). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995).

Nevertheless, dismissal is never warranted because the court believes the plaintiff is unlikely to prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Even if it appears almost a certainty that the facts alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as it states a claim. *Clark*, 794 F.2d at 970; *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir.1984). "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark*, 794 F.2d at 970; *see also Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir.1988); *United States v. Uvalde Consol. Indep. Sch. Dist.*, 625 F.2d 547, 549 (5th Cir.1980), *cert. denied*, 451 U.S. 1002, 101 S.Ct. 2341, 68 L.Ed.2d 858 (1981). While dismissal under Rule 12(b)(6) ordinarily is determined by whether the facts alleged, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *Clark*, 794 F.2d at 970; *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983).

Additionally, Rule 12 provides,

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b). However, district courts are "permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir.1995) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)). Further, even though matters outside the pleadings might be present in the record, the court is not required to treat the motion as one for summary judgment if it does not rely upon such documents. *Davis*, 70 F.3d at 372 n. 3 (citing *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir.1980)). Regarding the case at bar, the parties have submitted a number of matters outside the

---

**3.** With its first and seventh arguments, Guardian invokes rules 12(b)(1) and 9(b), respectively.

pleadings. In ruling on Guardian's 12(b)(6) motion, this court declines to rely upon the matters outside the pleadings. This court bases its ruling today solely on the pleadings and the applicable law.

### B. The Applicable Law

By invoking Mississippi law in his complaint, Mr. Myers appears to assert that Mississippi law governs the action at bar. *See* Complaint ¶ 123 (referring to "Mississippi Consumer Protection and Unfair Trade Practices laws"). Guardian does not argue which State law governs but assumes only for purposes of the Motion to Dismiss that it is Mississippi law. For purposes of this motion, the court shall apply Mississippi law. In doing so, this court notes that the legal principles relevant to this action are fundamental and are therefore not likely to vary significantly under applications of different state laws. *See Solomon v. The Guardian Life Ins. Co.*, No. CIV. A. 96–1597, 1996 WL 741888 at *1 (E.D.Pa. Dec.10, 1996).

### C. The Defendant's Eight Arguments Supporting Dismissal

#### 1. Subject Matter Jurisdiction

 Invoking Rule 12(b)(1) of the Federal Rules of Civil Procedure, Guardian argues that this court lacks jurisdiction over the subject matter of the present action. District courts have subject matter jurisdiction of civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332 (providing what courts commonly label "diversity jurisdiction"). The party asserting diversity jurisdiction bears the burden of proving by a preponderance of the evidence that the claim exceeds the statutory

amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961)); *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir.1993). Here, Mr. Myers is the party asserting diversity jurisdiction. However, in the complaint, Mr. Myers does not allege a specific amount of damages.[4] As the Fifth Circuit recently explained,

> when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

*St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998) ("Although most of our caselaw regarding § 1332's amount in controversy requirement has arisen in the context of removal from state to federal court, we find the procedures developed in those cases to be instructive in the converse context of declaratory judgment actions such as the one now before us.").

The question before this court is whether it is facially apparent that the amount in controversy exceeds the jurisdictional amount of $75,000.00.[5] This court concludes that, considering Mr. Myers' punitive damages claim alone, it is. *See Greenberg*, 134 F.3d at 1253, 1255 (stating punitive damages

---

**4.** Where a plaintiff asserting diversity jurisdiction alleges a specific amount of damages, dismissal is inappropriate unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845, 848 (1938); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1068 (5th Cir.1984). However, this " 'legal certainty' test has limited utility—in fact is inapplicable—when the plaintiff has alleged an indeterminate amount of damages." *St. Paul Reinsurance Co.,*

*Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

**5.** Guardian argues that the amount in controversy does not exceed $75,000.00 because Mr. Myers "suffered no damages ...." Motion to Dismiss, pp. 1–2. However, the question whether Mr. Myers states a claim as to damages, or raises a genuine issue of material fact as to damages, is a different question from whether the amount in controversy exceeds the jurisdictional amount.

are included in calculation of amount in controversy) (citations and quotations omitted; emphasis added). Accordingly, this court shall deny Guardian's motion to dismiss under Rule 12(b)(1).[6]

### 2. Damages

■ Guardian argues that all of Mr. Myers' claims should be dismissed because Mr. Myers did not adequately plead damages. In particular, Guardian states, "All damages alleged in the complaint are speculative and contingent." The Guardian Life Insurance Company of America's Memorandum in Support of Its Motion to Dismiss the Complaint or in the Alternative Motion to Transfer Venue (Guardian's Memorandum), p. 12. This court disagrees. In the complaint, Mr. Myers alleges,

> If the true facts concerning the nature and risk of investment in the Policies had been disclosed to plaintiff and other members of the Class, they would not have purchased the Policies or would not have been willing to do so for the amounts charged by Guardian.

Complaint ¶ 81. The harm Mr. Myers alleges here is neither speculative nor contingent. It is actual harm which Mr. Myers allegedly suffered when he bought the policy in 1988. Specifically, the harm is purchasing the policy itself. That is, but for the allegedly actionable behavior of Guardian, Mr. Myers would not have purchased the policy in the first place, or at least he would not have paid the price Guardian charged. Mr. Myers incorporates this allegation into each cause of action in the complaint. Therefore, Mr. Myers adequately pleads damages for all of his claims.

### 3. Standing

■ Recently, the Fifth Circuit addressed the requirements for a plaintiff to have standing to bring a civil action in federal court:

> The irreducible minimum of standing contains three elements. First, the plaintiff

must have suffered an injury in fact—an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Pelican Chapter, Assoc. Builders & Contractors, Inc. v. Edwards,* 128 F.3d 910, 915–16 (5th Cir.1997) (citations and quotations omitted) (citing, *inter alia, Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Arguing that Mr. Myers lacks standing to bring the present action, Guardian asserts the same reasoning it asserted in arguing that Mr. Myer's failed to plead damages adequately: "Mr. Myers' assertions of future damages are entirely speculative and contingent." Guardian's Memorandum, p. 14. Having already concluded that Mr. Myers' pleads damages which are not "entirely speculative and contingent," this court is not persuaded by Guardian's argument. Of course, Mr. Myers bears the burden of proving the elements of standing. *Lujan,* 504 U.S. at 561, 112 S.Ct. at 2136. However, at this juncture, it does not appear certain that Mr. Myers cannot prove any set of facts which would establish standing. *See C.C. Port, Ltd. v. Davis–Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir. 1995); *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995). Accordingly, this court shall deny Guardian's motion to dismiss as to standing.

### 4. Ripeness

■ Regarding ripeness, the Fifth Circuit has provided,

> A court should dismiss a case for lack of ripeness when the case is abstract or hypo-

---

**6.** This result follows whether the punitive damages claim is applied to Mr. Myers alone or to the putative class as a whole. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995) ("In sum, because of the collective scope of puni-

tive damages and their nature as individual claims under Mississippi law, we hold that under Mississippi law the amount of [a claim for punitive damages] is counted against each plaintiff's required jurisdictional amount.").

thetical. The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

*New Orleans Public Service, Inc. v. Council of New Orleans,* 833 F.2d 583, 586–87 (5th Cir.1987) (citations and quotations omitted). "[T]he ripeness inquiry focuses on whether an injury that has *not yet occurred* is sufficiently likely to happen to justify judicial intervention." *Chevron U.S.A., Inc. v. Traillour Oil Co.,* 987 F.2d 1138, 1153–54 (5th Cir.1993) (emphasis added). Having concluded that Mr. Myers alleges an injury which has already occurred, this court shall deny Guardian's motion to dismiss as to ripeness.

### 5. Express Terms of Policy

 Guardian argues that all of the claims in this action fail because "they are flatly contradicted by the express terms of the written and fully integrated insurance contract signed by plaintiff." Motion to Dismiss, p. 2. In particular, Guardian argues,

> Mr. Myers' entire complaint boils down to one fundamental allegation: Mr. Myers bought a whole life insurance policy and was allegedly guaranteed that after making a certain number of annual premium payments (ten or twenty depending on which illustration Mr. Myers allegedly relied), the accumulated interest and dividends would be sufficient to pay all future annual premiums, no matter what. The plain and controlling terms of Mr. Myers' Policy (as well as the language in the Illustrations) directly contradict Mr.

Myers' claims. The complaint thus fails to state a claim under Mississippi law.

Guardian's Memorandum, pp. 15–16. In support of its argument, Guardian cites a number of cases standing for the proposition that clear and unambiguous insurance contracts must be construed exactly as written. Guardian's Memorandum, pp. 15–18 (Subsections A and B). However, those cases are distinguishable from the case at bar. In one of the cases, for example, an insured sued the insurer claiming that damage to the insured's building was covered by the terms of the insurance policy in effect on the building. *George v. Mississippi Farm Bureau Mut. Ins. Co.,* 250 Miss. 847, 168 So.2d 530 (1964). Unlike Mr. Myers, the plaintiff in *George* did not complain about the sales practices of the insurer, nor did he claim that the actions of the insurer constituted a tort. The plaintiffs in the other cases cited by Guardian are similarly distinguishable. *See Life & Casualty Ins. Co. of Tenn. v. Harvison,* 187 So.2d 847 (Miss.1966) (addressing whether mortgage cancellation insurance policy covered insured who died before completing policy application); *National Aviation Underwriters v. Caldwell,* 689 F.Supp. 639 (N.D.Miss. 1988) (addressing whether aviation insurance policy covered person sitting behind cropduster); *Blansett v. American Employers Ins. Co.,* 652 F.2d 535 (5th Cir.1981) (addressing whether automobile insurance policy, which had $10,000 limit, covered insured's claim for $70,000, since insured owned seven vehicles covered by policy; dismissing for lack of subject matter jurisdiction). Unlike the plaintiffs in these cases, Mr. Myers does not claim that Guardian wrongfully denied coverage under the policy. Indeed, Mr. Myers does not assert a claim for breach of contract.[7] Instead, Mr. Myers claims that Guardian's sales practices regarding vanish-

---

**7.** This court expresses no opinion as to the viability of a breach of contract claim on the facts at bar. However, this court does note the following: "The parol evidence rule provides that 'when the language of a contract is clear and unambiguous, parol testimony is inadmissible to contradict the written language.'" *Sullivan v. The Estate of J.C. Eason,* 558 So.2d 830, 832 (Miss.1990) (quoting *Smith v. Falke,* 474 So.2d 1044, 1046 (Miss.1985)). One of the exceptions to the parol evidence rule allows proof of fraud:

> Actions for the recovery of damages for fraud and deceit are usually based upon misrepresentations which amount to fraud in inducing a party to enter into a contract as contrasted with fraud in procuring a signature to and thereby completing the execution of a contract, and the law is well-settled that parol evidence is admissible to prove fraud and misrepresentations in either instance.

*Brown v. Ohman,* 42 So.2d 209, 212 (Miss.1949).

ing premium insurance policies constitute torts such as fraud and negligent misrepresentation. Therefore, the cases Guardian cites are distinguishable from the case at bar and inapplicable here.[8]

Guardian does cite three cases more similar to the case at bar, presenting tort claims related to the sale of vanishing premium insurance policies. However, not one supports Guardian's contention that Mr. Myers' claims fail because they contradict unambiguous policy terms. In one case, for example, the court dismissed a claim for fraud in the inducement. *Caplen v. The Guardian Life Ins. Co.*, Case No. 96–8359–CIV–RYSKAMP (S.D.Fla. Oct. 21, 1996). However, the *Caplen* court did not do so because the claim contradicted unambiguous policy terms. *Id.* The court dismissed the claim only because the plaintiff failed to plead it with particularity, and the court did so with "with leave to amend." *Id.* The *Caplen* court did dismiss another claim because it contradicted unambiguous policy terms, but that claim was for breach of contract, a claim which Mr. Myers does not bring here. *Id.; see also Cole v. Equitable Life Assurance Soc'y*, No. 108611, 95–001 (N.Y. Sup.Ct. June 28, 1996) (dismissing *inter alia* claim for fraud because plaintiff failed to plead it with particularity; stating that plaintiff's reliance on representations of agents "flies in the face of reality," but not stating that reliance was unjustified because of unambiguous policy terms); *Solomon v. The Guardian Life Ins. Co.*, No. CIV. A. 96–1597, 1996 WL 741888 (E.D.Pa. Dec.10, 1996) (dismissing on other grounds). Therefore, those cases do not persuade this court that the claims of Mr. Myers should be dismissed because, as Guardian argues, they contradict unambiguous policy terms.

In short, assuming *arguendo* that the terms of Mr. Myers' policy are unambiguous and that they contradict his claims, this court cannot say that it appears certain that Mr. Myers can prove no set of facts which would entitle him to the relief he seeks for the torts he alleges.

### 6. Statute of Limitations

■ Guardian argues that the statutes of limitations applicable to the various claims of Mr. Myers started running in 1988 when Guardian sold Mr. Myers his insurance policy. Guardian's Memorandum, pp. 25–26. Guardian asserts that the limitations periods for the various causes of actions are either three years or six years, depending on the cause of action. Six years has elapsed since the sale of the policy. Therefore, if nothing has tolled the limitations period, the complaint on its face may show a bar to relief.

■ However, Mr. Myers asserts that Guardian "affirmatively and actively concealed the ... misrepresentations and omissions" forming the basis of his claims. Complaint ¶ 46. Fraudulent concealment of a cause of action tolls its statute of limitations. *E.g., Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 341 (5th Cir.1971). This doctrine applies to any cause of action. *Prather*, 446 F.2d at 341 n. 2 ("This doctrine, which is applicable to any cause of action, should not be confused with the doctrine applicable where the gist of the action itself is fraud, and the concealment is inherent in the fraud."). Throughout his complaint, Mr. Myers asserts how Guardian fraudulently concealed the alleged torts. *See* Complaint ¶¶ 46–51. This court cannot say that it appears certain that Mr. Myers can prove no set of facts which support his claim that the statutes of limitations applicable to the causes of action were tolled.

---

**8.** Likewise distinguishable are the four cases cited by Guardian which stand for the proposition that an agent's statements cannot vary the terms of a written, integrated insurance policy. *See* Guardian's Memorandum, pp. 19–23 (Subsections C and D); *Barhonovich v. American Nat'l Ins. Co.*, 947 F.2d 775 (5th Cir.1991) (regarding insurer's refusal to honor agent's representations because insurer "did not authorize [the agent] to falsify the premium documentation, divert [the insured's] premiums, or misrepresent to [the insured] that he was no longer required to pay premiums;" plaintiff not suing in tort for unlawful sales practices); *Foster v. Globe Life & Accident Ins. Co.*, 808 F.Supp. 1281 (N.D.Miss.1992) (regarding insurer's refusal to pay claim on life insurance policy because suicide exclusion applied; plaintiff not suing in tort for unlawful sales practices); *Brander v. Nabors*, 443 F.Supp. 764 (N.D.Miss.1978) (regarding insurer's refusal to pay claim on medical malpractice policy which provided benefits only on "claims made" basis; plaintiff not suing in tort for unlawful sales practices).

#### 7. Pleading with Particularity

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity...." Fed.R.Civ.P. 9(b). "Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.1997) (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.1994)). Mr. Myers has alleged with particularity the acts of Guardian which Mr. Myers contends amount to fraud. *See, e.g.*, Complaint ¶¶ 2, 10, 72–86.

#### 8. The Claim for Breach of Fiduciary Duty

Guardian argues "that the relationship between insured and insurer under a first-party insurance contract is not a fiduciary relationship." Guardian's Memorandum, p. 24. While Guardian's brief statement of the law in Mississippi may be true in some cases, this court declines to resolve the question here on a motion to dismiss under Rule 12(b)(6). *See Lowery v. Guaranty Bank and Trust Co.*, 592 So.2d 79, 85 (Miss.1991) ("The determination of what constitutes a confidential or fiduciary relationship is a question of fact.").

### D. Other Motions Before the Court

An additional motion before this court is Guardian's motion to transfer venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). The defendant bears the burden of demonstrating that the court should exercise its discretion to transfer the lawsuit. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966). Factors which the court should consider in deciding whether to transfer an action include the following: the availability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining at-

tendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference. *E.g., Puerto v. Marine Transport Lines, Inc.*, 976 F.Supp. 1072, 1073 (S.D.Tex. 1997). Here, Guardian asks this court to transfer this action from the Delta Division to the Western Division, both divisions resting within the Northern District of Mississippi. The reasons Guardian asserts supporting transfer are that the Plaintiff and his counsel are located in the Western Division and that the Delta Division has "no connection whatsoever to this case." Guardian's Memorandum, p. 31. Upon consideration of the relevant factors, this court is of the opinion that Guardian has carried its burden to demonstrate why this court should exercise its discretion to transfer this action. Accordingly, this court shall grant Guardian's motion to transfer this action to the Western Division of this court.

Two other matters before this court are Guardian's request for oral argument and Mr. Myers' motion to exceed page limitation. This court shall deny oral argument and grant the motion to exceed page limitation.

### III. Conclusion

This court shall deny Guardian's motion to dismiss, grant Guardian's motion to transfer, and deny Guardian's request for oral argument. This court shall grant Mr. Myers' motion to exceed page limitation.

A separate order in accordance with this opinion shall issue this day.

*ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO TRANSFER VENUE, DENYING REQUEST FOR ORAL ARGUMENT AND GRANTING MOTION TO EXCEED PAGE LIMITATION*

Pursuant to a memorandum opinion issued this day, it is hereby ORDERED that:

(1) the motion of the Defendant Guardian Life Insurance Company of America, Inc., to dismiss is hereby DENIED;

(2) the motion of the Defendant Guardian Life Insurance Company of America, Inc., to transfer is hereby GRANTED;

(3) this action is hereby TRANSFERRED to the Western Division of this court; the Clerk shall assign to this action a new civil action number to reflect the transfer;

(4) the request of the Defendant Guardian Life Insurance Company of America, Inc., for oral argument hereby DENIED; and

(5) the motion of the Plaintiff Gary Myers for permission to exceed page limitation is hereby GRANTED.