Terry A. HIGNITE, et al. Plaintiffs

v.

AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY, et al. Defendants

No. 200CV268–D–B.

United States District Court,
N.D. Mississippi,
Delta Division.

Feb. 5, 2001.

Richard T. Phillips, Smith, Phillips, Mitchell, Scott & Ruthford, Batesville, MS, for plaintiffs.

Charles E. Griffin, Griffin & Associates, Jackson, MS, Meade Westmoreland Mitchell, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Mary Jacqueline Watson, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for defendants.

### OPINION

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiff's motion to remand this matter to the Circuit Court of Panola County. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

### A. Factual Background

The Plaintiffs in this action are eight individuals who purchased life insurance policies from the Defendant American General Life & Accident Insurance Company (American General) through one or more of six American General sales agents, all six of whom are Defendants in this action (the individual Defendants).

The Plaintiffs filed suit in the Circuit Court of Panola County, Mississippi, on October 23, 2000, alleging that the Defendants' conduct renders them liable under various causes of action including negligent and fraudulent misrepresentation and fraudulent concealment. The Defendants removed the action to this court on November 17, 2000, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, and bankruptcy removal jurisdiction as set forth in 28 U.S.C. § 1334 and § 1452. On December 14, 2000, the Plaintiffs motioned the court to remand this matter to state court.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed·by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different states ..." 28 U.S.C. § 1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996). In this case, there is no dispute that the amount in controversy exceeds

$75,000.00. The Plaintiff, however, asserts that this court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

■ Here, the Plaintiffs and the six individual Defendants are resident citizens of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiff fraudulently joined the individual Defendants in order to defeat diversity. *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997). The Defendants assert that the individual Defendants were fraudulently joined.

■ The party alleging fraudulent joinder bears the burden of persuasion and that burden is quite stringent. *See Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been fraudulently joined by a plaintiff hoping to defeat diversity, the removing party must demonstrate either "outright fraud in the plaintiff's recitation of jurisdictional facts," or that there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Hart*, 199 F.3d at 246.

■ The Defendants here do not allege outright fraud, so the court must determine whether there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against the individual Defendants in state court. In making this determination, the court evaluates all of the factual allegations in the Plaintiffs' state court pleadings in the light most favorable to the Plaintiffs, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiffs. *Hart*, 199 F.3d at 246. Further, in evaluating a claim of fraudulent joinder, the court does not focus on whether the Plaintiffs will prevail on the merits of their claims. Instead, the court determines whether there is a possibility that the Plaintiffs will be able to state a claim against the allegedly fraudulently joined individual Defendants. *Rodriguez*, 120 F.3d at 591.

■ In addition to federal diversity jurisdiction, the Defendants' notice of removal also asserts that this case is removable pursuant to 28 U.S.C. §§ 1334 and 1452. Federal district courts have original jurisdiction of claims that are "related to" bankruptcy cases, and a party may remove such claims from state court to federal court. 28 U.S.C. §§ 1334(b), 1452. In determining whether a claim is related to a bankruptcy case, the court must ascertain "whether the outcome of [the pending claim] could conceivably have any effect on the estate being administered in bankruptcy ..." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995); *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987).

## C. *Discussion*

### 1. Bankruptcy Removal Jurisdiction

■ The Defendants assert that removal is proper because the Plaintiffs' claims are related to a Chapter 13 bankruptcy case that was filed nine years ago in the Southern District of Mississippi. The case was styled *In re Louis E. Hilton*, No. 91–09710–HEG, and was closed nearly seven years ago. Louis E. Hilton is one of the Plaintiffs in this action.

Because the *Hilton* bankruptcy case has been closed for nearly seven years, the court finds that there is no bankruptcy removal jurisdiction. No bankruptcy case exists to which the present case now might be said to relate. *See Blakeley v. United Cable Sys.*, 105 F.Supp.2d 574, 580–81

(S.D.Miss.2000) (remanding state court claim after entry of final decree in bankruptcy). The court finds, therefore, that this asserted ground for removal is without merit.

### 2. Fraudulent Joinder

■ Whether a case states a cognizable claim against a defendant is determined by reference to the allegations made in the original pleadings. *Wheeler v. Frito–Lay, Inc.*, 743 F.Supp. 483, 485 (S.D.Miss.1990). In the case at bar, the Plaintiffs allege, *inter alia,* that the individual Defendants, as insurance agents for American General, committed fraud in connection with the Plaintiffs' purchase of life insurance from American General.

■ Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment, and a tort claim can be maintained against that agent. *Hart,* 199 F.3d at 247. The agent is subject to personal liability when he "directly participates in or authorizes the commission of a tort." *Hart,* 199 F.3d at 247 (quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.,* 492 So.2d 977, 978 (Miss.1986)). The Plaintiffs have alleged that the individual Defendants, as agents of American General, directly participated in the commission of at least one tort while within the scope of their employment.

The Defendants claim, however, that there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against the individual Defendants in state court. In so arguing, the Defendants advance a series of defenses, which the court considers in turn.

#### a. Rule 9(b) of the Mississippi and Federal Rules of Civil Procedure

■ First, the Defendants assert that the Plaintiffs' complaint fails to plead facts sufficient to comply with Rule 9(b) of the Mississippi and Federal Rules of Civil Procedure. Rule 9(b), which is phrased identically in the Mississippi and Federal Rules, states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b); Miss. R. Civ. P. 9(b). The Defendants assert that the Plaintiffs' allegations against the individual Defendants fail to meet this standard.

The court, upon detailed review of the Plaintiffs' complaint, cannot hold as a matter of law that there is absolutely no possibility that the Plaintiffs' allegations comply with Rule 9(b)'s dictates. With respect to the individual Defendants, the complaint alleges, *inter alia,* that

> As a part of [the previously described] scheme, American General and its Agents fraudulently concealed from Plaintiffs fundamental facts and information concerning the policies of insurance and the manner in which said policies were funded. The purpose of said fraudulent concealment of fundamental and material facts and information regrading [regarding] said policies and their performance was to induce Plaintiffs to purchase the subject policies by comparing said policies to other products or "investments," by considering said policies as being "paid up" upon the payment of one or a limited number of out-of-pocket premium payments, and/or by using the built up cash value of existing policies to fund said policies. American General and the Agent–Defendants herein intended for Plaintiffs to rely on misrepresentations regarding said policies and on Defendants' concealment of the true nature and methods of performance of said policies. Plaintiffs did

rely upon the misrepresentations and concealment of material facts by American General and its Agents, and purchased the subject policies in reliance thereon.

Complaint, p. 7, para. 10.

While these are not the only accusations leveled directly against the individual Defendants, these are clearly sufficient allegations of intentional conduct by the individual Defendants so as to render them potentially liable under Mississippi law. *See Phillips v. New England Mut. Life Ins. Co.*, 36 F.Supp.2d 345, 348 (S.D.Miss. 1998) (similar allegations against individual insurance agent deemed sufficient to potentially state cause of action under Mississippi law). Further, the complaint sets forth, in detail, which individual Defendant agent or agents dealt with each Plaintiff. *See* Complaint, Exh. 1. In sum, the court holds that the Defendants have not meet their burden of showing that the Plaintiffs' claims have no chance of success based on a Rule 9(b) defense. As such, this asserted ground for fraudulent joinder is without merit.

### b. Statute of Limitations

Next, the Defendants assert that the Plaintiffs' claims against the individual Defendants are barred by the applicable statute of limitations, which requires actions such as this to be commenced within three years after the causes of action accrue. Miss.Code Ann. § 15–1–49 (1972). In support of their position, the Defendants point out that each of the Plaintiffs purchased their policies more than three years prior to the filing of this suit, and that under Mississippi law, a cause of action for fraud or misrepresentation accrues upon completion of the sale induced by the false representations or upon consummation of the fraud or misrepresentation. *Dunn v. Dent*, 169 Miss. 574, 153 So. 798, 798–99 (1934).

In response, the Plaintiffs cite Miss. Code Ann. § 15–1–67, which tolls the statute of limitations in cases of fraudulent concealment. Specifically, it provides that

If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been first known or discovered.

Miss.Code Ann. § 15–1–67 (1972).

While the Defendants do not dispute the applicability of § 15–1–67 to cases such as this, they assert that the Plaintiffs have not adequately pled fraudulent concealment pursuant to Rule 9(b) so as to come within § 15–1–67's tolling provision. The Defendants also assert that the Plaintiffs have not adequately alleged that the individual Defendants took affirmative acts of concealment, subsequent to the sale of the Plaintiffs' insurance policies, that prevented the Plaintiffs from discovering this cause of action.

As noted by the court above, however, the Plaintiffs' allegations concerning fraudulent concealment are sufficient to overcome a Rule 9(b) defense at this stage of the proceedings. Further, the court finds that the Plaintiffs have sufficiently alleged, in paragraph 13 of their complaint, that the individual Defendants engaged in affirmative acts of concealment that prevented the Plaintiffs from discovering this cause of action until such time as to render the filing of this suit untimely. *See Phillips*, 36 F.Supp.2d at 349–350 (similar allegations of fraudulent concealment by individual agent deemed sufficient to potentially toll statute of limitations). In other words, the Plaintiffs have alleged specific facts that, if proven, make it possible for the

state court to toll the statute of limitations pursuant to § 15–1–67. Based on the foregoing, the court finds that this asserted ground for fraudulent joinder is without merit.

### c. Substantive Defenses

Finally, the Defendants assert that the following substantive defenses preclude any possibility of recovery against the individual Defendants: (1) any alleged misrepresentations by the individual Defendants were in conflict with the plain terms of the insurance policies; (2) the Plaintiffs' claims are based on opinion or promises of future performance, as opposed to representations of then-existing facts; and (3) the Plaintiffs' claims are not yet ripe and ready for adjudication.

■■■■ First, the Defendants assert that purchasers of insurance policies cannot, as a matter of law, state a cause of action based on alleged misrepresentations that are in conflict with the plain terms of the insurance policy. In support of this contention, the Defendants cite cases such as *American States Ins. Co. v. Natchez Steam Laundry,* 131 F.3d 551, 554–55 (5th Cir.1998). As the Plaintiffs point out, however, the cases the Defendants attempt to rely on are all distinguishable because none of the cases are tort actions where the plaintiffs alleged fraudulent sales practices, as the Plaintiffs in this case have. And, as this court has previously held, in a case similar to this one, even "assuming arguendo that the terms of [the Plaintiffs'] policies are unambiguous and that they contradict their claims, this court cannot say that it appears certain that [there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against the individual Defendants in state court]." *Myers v. Guardian Life Ins. Co.,* 5 F.Supp.2d 423, 430–31 (N.D.Miss.1998). As such, the court finds that this asserted ground for fraudulent joinder is without merit.

■■■■ Next, the Defendants contend that the Plaintiffs cannot establish a cause of action against the individual Defendants in state court because the Plaintiffs' claims of fraud are based on statements of opinion or promises of future performance, as opposed to representations of then-existing facts. While the Defendants are correct in asserting that neither vague, essentially indefinable predictions nor puffery are actionable, it is clear that the Plaintiffs' complaint alleges misrepresentation and concealment of current, existing facts. Specifically, the complaint asserts, *inter alia,* that

> [P]erformance of the "limited pay" concept as represented by American General and its Agents depended upon interest rates which were illustrated at abnormally high rates, and that even incremental reductions in the illustrated interest rates would require policyholders, including Plaintiffs, to pay premiums in amounts beyond those represented by American General and its Agents.

Complaint, p. 9, para. 11(e).

This is not the type of "future promise" fraud claim that has been deemed inactionable. *See Chain v. General Am. Life Ins. Co.,* No. 4:96CV96–B–B, 1996 WL 671394, at *2 (N.D.Miss. Sept.30, 1996) ("As to the plaintiff's claims for fraud and negligent misrepresentation, the defendant asserts that neither cause of action may be predicated on a representation as to future matters ... However, the plaintiff has asserted that the defendant's agent misrepresented the company's current dividend rate, upon which the vanishing premium illustrations were based. Thus, the fraud and negligent misrepresentation theories are predicated, at least in part, on a misrepresentation of present facts.").

As did the plaintiff in *Chain*, the Plaintiffs in this case asserted that the individual agents misrepresented the company's dividend rate and interest rates. As such, the court holds that the Plaintiffs have asserted claims for misrepresentations of then-existing facts, as opposed to future promises or indefinable predictions. This asserted ground for fraudulent joinder, therefore, is without merit.

 Finally, the Defendants assert that there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against the individual Defendants in state court because the Plaintiffs' claims are unripe and not yet ready for adjudication. As this court has previously stated, "[a] court should dismiss a case for lack of ripeness when the case is abstract or hypothetical." *Myers*, 5 F.Supp.2d at 429–30.

As did the plaintiff in *Myers*, the Plaintiffs in this action allege injuries that have already occurred. Specifically, the Plaintiffs assert, *inter alia*, that they have suffered loss of coverage, benefits, interest, and contract rights under their prior contracts of insurance, and were caused to incur costs in surrendering their policies and expenses, including commissions, when their existing policies were "twisted" and/or "churned" into new policies. *See* Complaint, p. 13, para. 19. As such, the court finds that this is not an abstract or hypothetical case; the Plaintiffs have alleged injuries that have already occurred. Such allegations give rise to a ripe claim. *Myers*, 5 F.Supp.2d at 430. This asserted ground for fraudulent joinder, therefore, is without merit.

### D. Conclusion

In sum, the Plaintiffs' complaint, taking all allegations set forth as true, and resolving all uncertainties of state law in favor of the Plaintiffs, at least raises the possibility that they could succeed in establishing a tort claim against the individual Defendants under Mississippi law. *See, e.g., Bank of Shaw v. Posey*, 573 So.2d 1355, 1362 (Miss.1990) (setting forth elements of fraud under Mississippi law). The individual Defendants face potential liability for their actions, therefore, and the court finds that the Defendants have not demonstrated that there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against the individual Defendants in state court.

Accordingly, the individual Defendants' citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. Their presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, this cause shall be remanded to the Circuit Court of Panola County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

### ORDER

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiff's motion to remand (docket entry 10) is GRANTED; and

(2) this cause is hereby REMANDED to the Circuit Court of Panola County, Mississippi.