**Richard C. RAINWATER and Anna D. Rainwater, Plaintiffs,**

v.

**LAMAR LIFE INSURANCE COMPANY; Conseco Life Insurance Company; Thomas Stroo; James Payton; and Other Related Companies the Identity of Which Will be Ascertained Through Discovery in This Action, Defendants.**

No. Civ.A.2:01CV179PG.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

June 27, 2002.

Lawrence E. Abernathy, III, Laurel, MS, for plaintiffs.

Phillip B. Abernathy, Emerson Barney Robinson, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Lamar Life Ins. Co., Conseco Life Ins. Co., defendants.

Frank D. Montague, Jr., Montague, Pittman & Varnado, Hattiesburg, MS, David M. Ratcliff, Ratcliff & Ratcliff, Laurel, MS,

Douglas R. Duke, Shell Buford, PLLC, Jackson, MS, for Thomas Stroo, defendant.

Norman G. Hortman, Jr., Chris B. McDaniel, Gibbes, Graves, Mullins, Hortman, Harlow, Martindale & Jones, PLLC, Laurel, MS, for James Payton, defendant.

## MEMORANDUM OPINION
## AND ORDER

PICKERING, District Judge.

Before the Court is the Plaintiffs' Motion to Remand this case to state court. Having considered the motion, the responses, the briefs of counsel, the cited authorities, the pleadings, and exhibits on file, this Court finds as follows:

### FACTUAL BACKGROUND

Plaintiffs, Richard and Anna Rainwater, filed a complaint in the Chancery Court of the Second Judicial District of Jones County, Mississippi on May 25, 2001, alleging fraud and misrepresentation that occurred when Thomas Stroo and James Payton, life insurance agents who at all relevant times were employed by Lamar Life Insurance Company, sold replacement life insurance policies to the Rainwaters. The named Defendants are Lamar Life Insurance Company, Conseco Life Insurance Company, Stroo and Payton. Although Lamar Life Insurance was incorporated in the State of Mississippi with its principal place of business in Mississippi, it merged into Conseco in December 1998; therefore, Lamar Life was a fictitious entity as of the date the Rainwater's action was filed. 28 U.S.C. § 1441(c). Plaintiffs as well as Stroo and Payton are residents of Mississippi. Conseco is an Indiana corporation.

Plaintiffs allege that Defendants engaged in fraudulent representations and fraudulent concealment commencing in January 1987. Plaintiffs allege that Defendants' fraud consisted in Stroo and Payton advising Plaintiffs that previously

issued insurance policies they had with Lamar Life were paid up, when in fact they were not paid up, advising Plaintiffs that they needed to invest in additional policies, concealing or suppressing facts and details concerning the continuation of the policies, and the fact that there was no investment plan involved in the policies, and that the dividend performance under the policies could alter both the amount of paid up insurance and the ultimate values. Plaintiffs in their depositions indicated some confusion as to whether they understood the new policies to be merely "updated" policies or actual "replacement" policies. However, Defendants testified that Plaintiffs signed certificates acknowledging that the policies involved were replacement policies, or new policies, and although Plaintiffs did not confirm their signatures on these certificates, neither did they deny them. Consequently, there is no dispute in the record that Plaintiffs signed certificates acknowledging receipt of replacement policies.

Plaintiffs allege that more than five policies were replaced in violation of Mississippi's twisting statute, that a surrender charge was added to the updated policies, that Plaintiffs incurred monthly expenses with the updated policies, that the policy fee cap increased with the new policies and that all of this information was suppressed or concealed. Plaintiffs further allege that the resident Defendants induced them to replace their insurance policies for no viable economic benefits to Plaintiffs, causing Plaintiffs to sustain economic loss and that the resident Defendants engaged in illegal "churning" and "twisting." The last sale took place in August of 1990. However, Plaintiffs allege that the resident Defendants continuously up to and through the summer of 2000 assured Plaintiffs that their investments were doing well and that the policies were going to be worth a lot of money.

It is undisputed that Plaintiffs had in their files copies of the insurance policies involved in this action and copies of annual statements pertaining to the insurance policies and that these policies and annual reports reflected that these were not paid up policies, that the dividend rate was not guaranteed, and that the performance of the policies could fluctuate depending upon the rate of return earned as to the dividends.

It is likewise clear that the Mississippi statute of limitation which was six years for fraud committed prior to July 1989, and three years for fraud committed after July 1989 ran long before these suits were filed. Miss.Code Ann. § 15–1–49. The question presented to this Court is whether or not there is any possibility that the statute of limitations was tolled under the provisions of Miss.Code Ann. § 15–1–67.

### POSITIONS OF THE PARTIES

The Rainwaters allege that this Court lacks subject matter jurisdiction over the present cause of action because Defendants Stroo and Payton are Mississippi residents and accordingly the parties lack complete diversity. They assert that this case should be remanded to state court. The Defendants counter that the Rainwaters' claims against Stroo and Payton are barred by the statute of limitations, that the statute of limitations was not tolled, that their inclusion as defendants constitutes fraudulent joinder, that the individual Defendants should be dismissed with prejudice, and Plaintiffs' motion to remand should be denied.

### LAW ON REMOVAL AND REMAND

■ The Fifth Circuit consistently has held that the party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that Court. *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993); *Village Fair Shop-*

*ping Co. v. Sam Broadhead Trust,* 588 F.2d 431 (5th Cir.1979); *Ray v. Bird & Son and Asset Realization Co., Inc.,* 519 F.2d 1081 (5th Cir.1975). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). "The removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549; (emphasis added) (citing *Keating v. Shell Chemical Co.,* 610 F.2d 328 (5th Cir.1980); *Tedder v. F.M.C. Corp. et al,* 590 F.2d 115 (5th Cir.1979); *Bobby Jones Garden Apts. v. Suleski,* 391 F.2d 172 (5th Cir.1968); *Parks v. New York Times Co.,* 308 F.2d 474 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964)).

■ This Court must refer to the allegations made in the original pleading to determine whether the Plaintiff can make out a viable claim against the resident Defendants. *See Tedder v. F.M.C. Corp.,* 590 F.2d at 116; *Gray v. U.S. Fidelity and Guaranty,* 646 F.Supp. 27, 29 (S.D.Miss. 1986). Those allegations must be construed most favorably to the Plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the Plaintiff. *B. Inc.,* 663 F.2d at 549; *see also, Bobby Jones Garden Apts.,* 391 F.2d at 177; *Howard v. General Motors Corp.,* 287 F.Supp. 646, 648, (N.D.Miss.1968).

Regardless of the above, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440, 445 (1964) (citation omitted). Chief Justice Marshall wrote in *Cohens v. Virgi-*

*nia,* 19 U.S. 264, 404, 6 Wheat. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

■ When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony. *See Cavallini v. State Farm Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir.1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830, 834 (S.D.Miss.2001). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant. *Badon,* 224 F.3d at 390.

### CONTROLLING LAW

■ Since this is a diversity case, this Court is *Erie* bound, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to follow decisions of the Mississippi Supreme and Appellate Courts. If these Courts have not spoken on an issue, and the Fifth Circuit has spoken on that issue, this Court is bound to follow the Fifth Circuit's interpretation of Mississippi law. If neither the Mississippi Courts nor the Fifth Circuit have spoken on an issue, then this Court is required to make an *Erie* guess, not as to what this Court, or some other federal court would do, but as to what the Mississippi Supreme Court would do if presented with these same issues. *Jackson v.*

*Johns–Manville Sales Corp.,* 781 F.2d 394, 397 (5th Cir.) (en banc), *cert. denied,* 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986) ("[The Court] emphatically [is] not permitted to do merely what we think best; we must do that which we think the Mississippi Supreme Court would deem best.")

■ Decisions of other district judges deciding questions of Mississippi law may be persuasive, but are not controlling. Federal district judges in Mississippi have ruled on the issues presented by this case on several occasions during the last few years and there are numerous cases now pending in the federal court system in Mississippi involving almost the exact same factual scenario. The federal district courts in Mississippi, ruling on the issues presented here, have reached results which to this Court seem diametrically opposite.

### CONFLICTING DECISIONS

Judge Neal Biggers in the case of *Cunningham v. Massachusetts Mutual Life Ins. Co.,* 972 F.Supp. 1053 (N.D.Miss. 1997), faced with similar factual allegations, concluded that plaintiffs had stated no cause of action and dismissed the complaint. Judge Henry Wingate in the case of *Lady v. Jefferson Pilot Life Ins. Co., et al,* Civil Action No. 3:00cv313WS, in an unpublished opinion dated March 28, 2001, was likewise faced with a similar factual situation. Judge Wingate determined that no cause of action was stated against the resident defendants and denied remand. Judge Bramlette in *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830 (S.D.Miss. 2001), reached the same conclusion as did Judges Biggers and Wingate.

On the other hand, Chief Judge Davidson in *Hignite v. American General Life & Accident Ins. Co.,* 142 F.Supp.2d 785 (N.D.Miss.2001), faced with a similar factual situation came to the conclusion that "defendants have not demonstrated that there is absolutely no possibility that the plaintiffs will be able to establish a cause of action against the individual defendants in state court." *Id.* at 792. Accordingly, Judge Davidson entered an order of remand. In *Phillips v. New England Mutual Life Ins. Co.,* 36 F.Supp.2d 345 (S.D.Miss.1998), under similar facts, Judge Lee reached the same conclusion as Judge Davidson. Judge Barbour in *Chain v. New England Mutual Life Ins. Co. et al,* Civil Action No. 3:98–cv–349BN, came to the same conclusion as did Judges Lee and Davidson. This Court acknowledges that there were some distinctions in these cases, but basically they involved the same factual backgrounds.

### MISSISSIPPI LAW ON TOLLING THE STATUTE OF LIMITATION

■ The Mississippi Supreme Court in *Dunn v. Dent,* 169 Miss. 574, 153 So. 798, 798 (1934), held that a cause of action for fraudulent representation "accrues upon the completion of the sale induced by such false representation, or upon the consummation of the fraud." Since the last sale of insurance which is the subject of this Complaint occurred in August 1990, the statute of limitations on the alleged fraudulent representations resulting in the sale of new policies commenced to run no later than August 1990.

■ Plaintiffs are right in their argument that the statute of limitations is tolled if it is fraudulently concealed. However, the statute of limitations commences to run in any event at the time the fraud is discovered, or at such time as the fraudulent concealment "with reasonable diligence might have been first known or discovered." Miss.Code Ann. § 15–1–67. The burden of proof is upon the Plaintiff to prove that the statute of limitations was tolled. *Gulf National Bank v. King,* 362 So.2d 1253, 1255 (Miss.1978), *Hall v. Dil-*

*lard,* 739 So.2d 383, 387–88 (Miss.App. 1999).

The insurance policies involved and numerous annual statements were delivered to the Plaintiffs more than three years before this lawsuit was filed. These documents all revealed that the insurance policies in question were not investments, that they were not fully paid up, that the dividend rate was not guaranteed and could change from time to time, and that cash values and paid up insurance would depend entirely on the amount of the dividends earned, which would be determined by the interest rates then received.

■■■■■] "A person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract." *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.,* 584 So.2d 1254, 1257 (Miss.1991). The Mississippi Supreme Court in *Cherry v. Anthony, Gibbs, Sage,* 501 So.2d 416, 419 (Miss.1987), held that knowledge of unambiguous provisions of a policy is imputed to insureds, even if they do not read the policy. A plaintiff "may not neglect or purposely omit acquainting himself with the terms and conditions of the insurance policy and then complain of his ignorance of them." *Gulf Guaranty Life Ins. Co. v. Kelley,* 389 So.2d 920, 922 (Miss.1980) Where the terms of a contract are made available to a contracting party, any reliance on alleged misrepresentations of those terms, is, as a matter of law, unreasonable. *See Carter v. Union Security Life Ins. Co.,* 148 F.Supp.2d 734 (S.D.Miss. 2001).

■■■■ I have serious doubt as to whether the statements that your investments are doing fine, and that your policies are going to make you a lot of money, are sufficiently specific to constitute the basis for a claim of fraud. I further question whether relying upon such vague or generalized statements is reasonable. That is especially true in view of the language of the policies themselves which were available to Plaintiffs. *New York Life Ins. Co. v. Gill,* 182 Miss. 815, 182 So. 109, 114, 115 (1938) (statement of opinions not sufficient for tolling of statute of limitations).

Justice McRae writing for a unanimous court in the case of *Stevens v. Lake,* 615 So.2d 1177 (Miss.1993), in order to determine whether Section 15–1–67 tolled the statute of limitations in that case, wrote "[w]e must resolve whether the plaintiffs discovered, or reasonably should have discovered, Lake's alleged fraud no earlier than October 22, 1982, six years prior to the date on which the complaint was filed." The Court then concluded

> even assuming *arguendo* that Lake misrepresented what Leo Stephens, Jr., told him, we find the Stephenses, through the exercise of reasonable diligence, should have been able to discover his negligence prior to 1982 ... Thus, *their argument that the statute of limitations was tolled by Lake's fraudulent concealment of his negligent acts is without merit.*

*Id.* at 1181. (emphasis added).

The Plaintiffs testified that they did not look at the insurance policies or the annual statements. The Mississippi Supreme Court has held that the statute of limitations on a fraudulent conveyance is not tolled if the conveyance is a matter of public record. *O'Neal Steel Inc. v. Millette,* 797 So.2d 869, 875 (Miss.2001), and *Rimmer v. Austin,* 191 Miss. 664, 4 So.2d 224, 225 (1941). If a party is bound by matters of public record, parties should also be bound by information contained in documents they have acknowledged receiving.

The Court recognizes that a financial advisor to the Plaintiffs has provided a statement that lay people do not understand the concept of paid up insurance. The Court recognizes that that is probably true and likewise that people do not understand the legal consequences of many provisions in insurance policies. However, it is not the Court's understanding of controlling Mississippi law that failure to read or understand a provision of an insurance contract allows a party to avoid such provision.

The Court in *Phillips, supra,* stated

ₒthe Court notes that there is a question as to whether subsequent affirmative acts of concealment are required to toll the statute when, as in the case at bar, the underlying action itself is based on fraud. *See Texas v. Allan Constr. Co., Inc.,* 851 F.2d 1526, 1529 (5th Cir.1988) (applying federal law) ("[The] general rule [is] that in a fraud case, the plaintiff need only aver the underlying fraud in order to toll the statute of limitations until such time as the plaintiff had some notice of the wrong; fraud, is by its very nature, self concealing.")

*Id.* at 349. The *Phillips* Court went on to say

[t]he Mississippi Supreme Court apparently has yet to say whether subsequent affirmative acts are required to fraudulently conceal an underlying fraud claim so as to toll the statute of limitations. If such affirmative conduct is *not* required, this alone would make it "possible" for plaintiff's claims to be timely in state court.

*Id.*

Although the Court in *Phillips* discussed whether "subsequent affirmative acts are required to fraudulently conceal an underlying fraud claim so as to toll the statute of limitations" under Mississippi law, Miss. Code Ann. § 15–1–67 controls. The issue is whether or not the plaintiff knew of the fraud or by the exercise of reasonable diligence should have known of the fraud. However, this Court is convinced that there is not a great deal of difference between the effect of Section 15–1–67 and the Fifth Circuit's ruling in *Texas v. Allan,* relied upon by the Court in *Phillips.* The Fifth Circuit in *Texas v. Allan* implied that the statute of limitations would begin to run at such time "as the plaintiff had some notice of the wrong." In any event, as noted, the question is whether or not Plaintiffs knew or by the exercise of reasonable diligence should have known of the fraud.

■ In view of all of the above, and in view of the fact that § 15–1–67 does not toll the statute of limitation on fraudulent concealment unless Plaintiff has demonstrated "reasonable diligence" in failing to find the alleged fraud, this Court has serious reservations as to whether § 15–1–67 tolled the statute of limitations in the case now before the Court. This Court likewise has reservations as to whether Plaintiff can establish a substantive fraud claim based upon the fact that the policies themselves contradicted most of the alleged fraudulent representations. That being true, this Court has questions as to whether Plaintiffs can establish that they reasonably relied upon these representations in order to establish the reliance element of their underlying fraud claim.

## IS THERE ANY POSSIBILITY THAT PLAINTIFFS' CAUSE OF ACTION AGAINST THE RESIDENT DEFENDANTS WAS TOLLED?

Because this Court has serious doubts whether the statute of limitations was tolled in this case, and whether Plaintiffs can establish the underlying fraud claim, this Court tentatively concluded that remand should be denied and that this case should be certified to the Fifth Circuit for

interlocutory appeal. 28 U.S.C. § 1292(b). The Fifth Circuit could have then certified these issues to the Mississippi Supreme Court. But whether this Court has doubts is not the issue before the Court. The issue before the Court is whether there is *any possibility* that the statute of limitations was tolled and that Plaintiffs can prevail against the resident Defendants.

In view of clearly established law that all contested issues of fact and ambiguities in the law should be resolved in favor of the plaintiffs, and the fact that three different federal judges in Mississippi concluded in *Hignite, Phillips,* and *Chain,* and in other cases as well, that there is a possibility that plaintiffs could prevail under factual scenarios which this Court concludes were strikingly similar to the factual scenario in this case, and even though Plaintiffs could have been more specific in their Complaint, this Court cannot in good conscience determine that there is no possibility that Plaintiffs cannot prevail against the resident Defendants. Hopefully one of these cases will make its way to the Mississippi Supreme Court and the conflicts in regard to these questions can be resolved.

In fairness, this Court should note that the Court in *Hignite* discussed some of the concerns of this Court when it stated

the defendants assert that purchasers of insurance policies cannot, as a matter of law, state a cause of action based on alleged misrepresentations that are in conflict with the plain terms of the insurance policies ... [E]ven "assuming arguendo that the terms of [the plaintiffs'] policies are unambiguous and that they contradict their claims, this court cannot say that it appears certain that [there is absolutely no possibility that the plaintiffs will be able to establish a cause of action against the individual defendants in state court]." *Myers v. Guardian Life Ins. Co.,* 5 F.Supp.2d

423, 430–31 (N.D.Miss.1998) ... [T]he plaintiffs in this case asserted that the individual agents misrepresented the companies' dividend rate and interest rates. As such, the court holds that the plaintiffs have asserted claims for misrepresentations of then existing facts, as opposed to future promises or indefinable predictions.

142 F.Supp.2d at 791–792.

Also in *Phillips* the Court noted

[d]efendants also challenge plaintiffs' reliance on Section 15–1–49 by arguing that, even if there was fraudulent concealment, "with reasonable diligence," this cause of action "might" have been discovered at a time which makes the April 1998 complaint untimely ... whether plaintiffs were on notice that the premiums were "not guaranteed to vanish" is not the question at all. Rather, the inquiry is whether the plaintiffs were on notice of the alleged "inflated dividend assumptions" and "artificial actuarial computations."

36 F.Supp.2d at 350.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs Motion to Remand is GRANTED. The Clerk is directed to return the file in this matter to the Court from whence it came.