Ora J. BELL Plaintiffs

v.

AMERICAN GENERAL FINANCE, INC., Yosemite Insurance Company, Merit Life Insurance Company, James McGee Defendants

No. CIV.A. 303CV197BN.

United States District Court, S.D. Mississippi, Jackson Division.

June 19, 2003.

Hiawatha Northington, II, Byrd & Associates, Jackson, FL, for Ora J. Bell, plaintiff.

Charles E. Griffin, Griffin & Associates, Jackson, Elizabeth B. Shirley, Robert H. Rutherford, Burr & Forman, LLP, Birmingham, AL, for American General Finance, Inc., James McGee, Yosemite Insurance Company, Merit Life Insurance Company, defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of the Plaintiff to Remand. Having considered the Motion, the Response, and attachments to each, and supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

### I. Facts and Procedural History

In 1996 and 1997, Plaintiff took out loans from Defendant American General Finance, Inc. (hereinafter "American General"). She purchased several credit insurance policies, provided by Defendants Yosemite Insurance Company (hereinafter "Yosemite") and Merit Life Insurance Company (hereinafter "Merit"), in conjunction with the loans. Plaintiff alleges that employees of American General, including Defendant James McGee, made misrepresentations about the terms of the loans, the terms of the insurance policies, and the necessity of purchasing the insurance in order to receive credit.

Plaintiff filed suit in the Circuit Court of Holmes County, Mississippi on January 2, 2003, alleging breach of contracts breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, civil conspiracy, fraudulent and negligent misrepresentation, and unjust enrichment.

Defendants American General, Merit, and Yosemite removed the case to this Court of February 4, 2003. Plaintiff filed a Motion to Remand on February 25, 2003. Defendants filed a Response to the Motion to Remand on May 20, 2003, claiming Defendant McGee was fraudulently joined.

### II. Untimely Removal

Plaintiff claims that Defendants' removal was untimely, in that the Notice of Removal was filed before Defendants were served process. Plaintiff relies principally on the following language from *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999): "[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons." *Id.* at 1325 (citation omitted).

██ The Fifth Circuit has explicitly rejected this interpretation of *Murphy*, holding that "service of process is not an absolute prerequisite for removal." *Delgado v. Shell Oil, Inc.*, 231 F.3d 165, 177 (5th Cir.2000). As the *Delgado* court noted:

> The Supreme Court found [in *Murphy*] that mere receipt of a complaint unattended by any formal service did not trigger a defendant's time to remove a case from state court. But the decision did not address whether service was a prerequisite for a defendant to be able to remove a case.

*Delgado*, 231 F.3d at 177–78 n. 23. The rationale behind the Court's decision in Murphy was to give defendants sufficient time to decide which court should hear a

case. · *Murphy,* 119 S.Ct. at 1327–28. Clearly this purpose would not be served by refusing to allow Defendants to remove the case prior to service.

The *Delgado* court went on to note that: We read § 1446(b) and its "through service or otherwise" language as consciously reflecting a desire on the part of Congress to require that an action be commenced ... before removal, but not that the defendant have been served ... [a]nd under Texas law, an action has commenced when a petition is filed.

*Delgado,* 231 F.3d at 177 (citing *28 U.S.C. § 1446(b);* Tex.R. Civ. P. 22). Similarly, under Mississippi law, "A civil action is commenced by filing a complaint with the court." Miss. R. Civ. P. 3(b).

The Notice of Removal clearly was filed after the Complaint. Consequently, the Court holds that removal is timely in this case.

### III. Fraudulent Joinder Standard

■ Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin,* 882 F.2d at 190. To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court."

*Travis ·v. Irby,* 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir.1999)).

■ When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir.1995). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir.2000).

■ In *Travis,* the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

[T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be ·reasonable,* not merely theoretical.

*Travis,* 326 F.3d at 648 (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392–93 (5th Cir.2000). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *Badon,* 224 F.3d at 390. Removal is prop-

er "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the instate defendant." *Id.*

■ When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992), but "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan,* 989 F.2d at 816.

## IV. Analysis

### A. Diversity

Diversity of citizenship jurisdiction requires satisfaction of the following two factors: (1) amount in controversy; and (2) diversity of citizenship. These requirements are set forth in 28 U.S.C. § 1332(a), which states in relevant part "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States...."

The Complaint asks for $11 million in damages. The Court therefore finds that the amount in controversy requirement of § 1332(a) is met.

Plaintiff is a resident of Mississippi. Defendant McGee is a Mississippi resident. Defendants Merit and Yosemite are Indiana corporations with principal places of business in Indiana. Defendant American General was a Mississippi corporation when Plaintiff took out her loans, but has since been merged into a Delaware corporation with principal place of business in Indiana. (see below).

### B. Defendant American General

As set forth in the Notice of Removal, American General Finance, Inc., a Mississippi corporation, merged into a Delaware corporation of the same name in February, 2001. The company later changed its name to American General Financial Services, Inc. (hereinafter "AGFS").

■ On the date of the filing of the Complaint, AGFS was a Delaware corporation with principal place of business in Indiana. The Court notes that "[t]he citizenship of the parties on the date the complaint was filed determines the existence of diversity jurisdiction." *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 n. 2 (5th Cir.1985) (citations omitted).

Consequently, the Court holds that Defendant American General is a diverse defendant.

### C. Defendant McGee

Plaintiff claims that McGee, as a sales officer for American General, made misrepresentations about the terms of the loans Plaintiff received, about the necessity of purchasing the credit insurance policies in order to receive credit, and about

the terms and conditions of the insurance policies. Defendants claim that all claims against McGee are barred by the statute of limitations. Miss.Code Ann. § 15–1–49. Plaintiff responds by claiming that the statute was tolled by the discovery rule, and by fraudulent concealment. Miss. Code Ann. § 15–1–67.

"[T]he statute of limitations commences to run in any event at the time the fraud is discovered, or at such time as the fraudulent concealment 'with reasonable diligence might have been first known or discovered.' The burden of proof is upon the Plaintiff to prove that the statute of limitations was tolled." *Rainwater v. Lamar Life Ins. Co.*, 207 F.Supp.2d 561, 568 (S.D.Miss.2002) (quoting Miss.Code Ann. § 15–1–67).

Plaintiff admits in her deposition that she received copies of all loan and insurance documents she signed at the time of closing. Bell Dep. at 38–39. Full policies were provided for all insurance products except one: the property insurance policy. Plaintiff was given a written summary of that policy, along with directions for viewing the master policy.

The insurance papers state in bold-face type, and in clear, unequivocal language that the insurance was optional, and could be canceled at any time for a refund of unearned premium. The documents plainly and conspicuously disclose the cost of the insurance being purchased.

"It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it." *Howard v. CitiFinancial, Inc.*, 195 F.Supp.2d 811 (S.D.Miss.2002). Thus, even if Plaintiff did not read the documents, "knowledge of [the] contents would be imputed to [her] as a matter of law." *Cherry v. Anthony, Gibbs, Sage*, 501 So.2d 416, 419 (Miss.1987).

The Court therefore finds that any misrepresentation McGee may have committed, either intentionally or negligently, was discoverable through reasonable diligence at the time of closing.

Plaintiff admits in her deposition that she never read any of the documents. Bell Dep. at 58. Plaintiff also admits that the only communications from American ·General to her subsequent to the closing of the loans had to do with the timeliness of her payments. Bell Dep. at 40. McGee therefore took no subsequent "action, affirmative in nature, which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the fraud claim." *Davidson v. Rogers*, 431 So.2d 483, 485 (Miss.1983).

Consequently, the statute was not tolled by the discovery rule or by fraudulent concealment. The statutory period began at the time of the closing of the loans.

The last of the loans was closed in 1997. The statutory period in Mississippi for misrepresentation claims is three years. Miss.Code § 15–1–49. Plaintiff's 2000 deadline has passed. Plaintiff's claims against McGee for misrepresentation are therefore time-barred, and must be dismissed.

Plaintiff's claim of negligence against McGee is similarly time-barred, as Plaintiff through reasonable diligence could have discovered any negligence by McGee at the time of sale. *See Norman v. Bucklew*, 684 So.2d 1246, 1248 (Miss.1996) ("negligence ... claims are governed by the three-year statute of limitations."); Miss Code Ann. § 15–1–49.

Plaintiff next asserts several *ex contractu* claims, including unjust enrichment, breach of contract, and breach of the implied covenants of good faith and fair dealing. However, James McGee was not a party to the contract, and therefore is not

subject to individual liability under any of these theories. *See, e.g., Howard v. Citi-Financial, Inc.,* 195 F.Supp.2d 811 (S.D.Miss.2002) (holding that implied covenants of good faith and fair dealing only apply to parties to a contract.)

Plaintiff also claims violation of fiduciary duty, but it is well established that no fiduciary duty exists between a loan officer and client in this scenario. *See, e.g., Howard,* 195 F.Supp.2d at 823–24. *See also Strong v. First Family Financial Services, Inc.,* 202 F.Supp.2d 536, 542 (S.D.Miss.2002) ("an assertion that plaintiffs trusted their lender (and by inference, its employees) because it was their lender ... is plainly insufficient ... to support finding that a fiduciary relationship existed.").

The only remaining claim against McGee is Plaintiff's charge of civil conspiracy. Plaintiff does not specifically allege that McGee was personally involved in any collusion between American General and Defendant insurance companies, nor does she present any evidence whatsoever to that effect. As stated above, a court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Badon,* 224 F.3d at 394 (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)).

Even if such evidence were provided, an agent cannot be held individually liable for civil conspiracy in this context if he is acting within the scope of his employment, as McGee plainly was in this case. *See Howard,* 195 F.Supp.2d at 825 (holding insurance agents could not be held individually liable for conspiracy between lenders and credit insurance providers).

For the foregoing reasons, the Court finds that Plaintiff has no valid claim

against Defendant McGee, and he must be dismissed from this case.

## V. Conclusion

Based on the holdings presented above, the Court finds that Plaintiff has failed to assert claims against the non-diverse Defendant for which relief may be granted in state court. Therefore, the non-diverse Defendant, James McGee, should be dismissed from this case, and Plaintiff's Motion to Remand should be denied.

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [4–1] is hereby denied.

IT IS FURTHER ORDERED that Defendant James McGee is hereby dismissed from this case with prejudice.