Christine PETTY;  et al.   Plaintiffs

v.

**GULF GUARANTY INSURANCE
COMPANY;  et al.
Defendants**

No.  1:03 CV 5–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

Aug. 22, 2003.

Eric D. Bonner, Mann Cowan & Potter, PC, Birmingham, AL, for Plaintiffs.

Mark Herndon Tyson, McGlinchey Stafford, Tammra Obrecht Cascio, Gulf Guaranty, Jackson, MS, for Defendants.

1. The Defendants also assert that another Plaintiff, Dana Richardson, has filed bankruptcy; there is no evidence, however, that Richardson's bankruptcy case is still pending or that she is involved in ongoing bankruptcy proceedings. Thus, the court shall treat Richardson as a non-bankrupt Plaintiff. *See Hig-*

## ORDER GRANTING IN PART MOTION TO REMAND

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' motion to remand this cause to the Circuit Court of Lowndes County, Mississippi. Upon due consideration, the court finds that the motion should be granted in part and denied in part.

The eighteen Plaintiffs in this action separately entered into various consumer loan and insurance agreements with the Defendants. The Plaintiffs filed suit in the Circuit Court of Lowndes County on November 8, 2002, alleging that the Defendants' conduct in connection with the subject loan and insurance transactions renders them liable under various causes of action including fraudulent misrepresentation. The Defendants subsequently removed the action to this court on the basis of bankruptcy jurisdiction because one of the Plaintiffs, Christine Petty, has filed for bankruptcy protection and is currently engaged in ongoing proceedings in bankruptcy court.[1] The Defendants also assert that this case is removable pursuant to the court's federal question jurisdiction.

Thereafter, the Plaintiffs filed the pending motion to remand in which they seek, *inter alia,* to have the claims of the bankrupt Plaintiff severed from the claims of the non-bankrupt Plaintiffs, with the claims of the non-bankrupt Plaintiffs being remanded to state court. This relief has been granted in several recent cases with facts similar to the case *sub judice. See, e.g., Bailey v. MS Life Ins. Co.,* No. 4:02CV170–D–B (N.D.Miss. March 4, 2003)

*nite v. American Gen. Life & Accident Ins. Co.,* 142 F.Supp.2d 785, 788–89 (N.D.Miss.2001); *Rand v. Empire Funding Corp.,* 132 F.Supp.2d 497, 501 (S.D.Miss.2000); *Blakeley v. United Cable Sys.,* 105 F.Supp.2d 574, 580–81 (S.D.Miss.2000).

(order granting in part motion to remand); *Ashford v. Industrial Fin. Corp.*, No. 3:02CV1165LN (S.D.Miss. Dec. 4, 2002) (order granting in part motion to remand); *Ducksworth v. First Family Fin. Services., Inc.*, No. 2:01CV7PG (S.D. Miss. June 1, 2001) (order granting in part motion to remand).

As was the case in *Bailey* and *Ashford*, the court here has considered the parties' arguments and concludes that the claims of the bankrupt Plaintiff, Christine Petty, should be severed from the claims of the non-bankrupt Plaintiffs pursuant to Rule 21 of the Federal Rules of Civil Procedure.[2] In connection with the severance of those claims, the court shall deny the Plaintiffs' motion to remand the claims of the bankrupt Plaintiff because the court has bankruptcy jurisdiction over those claims pursuant to 28 U.S.C. § 157(b)(2)(O) and 28 U.S.C. § 1334(b) and (e). *Dixon v. First Family Fin. Services.*, 276 B.R. 173, 181–82 (S.D.Miss.2002).

The court finds, however, that it should not exercise bankruptcy jurisdiction over the claims of any of the non-bankrupt Plaintiffs. *See Bailey*, No. 4:02CV170–D–B, at *2; *Ashford*, No. 3:02CV1165LN, at *3. In addition, for the following reasons, the court finds that federal question jurisdiction does not exist over those Plaintiffs' claims.

■ Whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Because the well-pleaded complaint rule pro-vides for the determination of jurisdiction solely on the basis of the plaintiff's complaint, the rule makes the plaintiff master of the claim, and federal jurisdiction may be avoided by exclusive reliance on state law. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425. The well-pleaded complaint rule is limited in some circumstances, however, by the "artful pleading" doctrine. This doctrine states that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). If a court concludes that a plaintiff has artfully pled claims in this fashion, the court may uphold removal if the federal law in question completely preempts the plaintiff's state law claims. *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir.2001); *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 (5th Cir.2000) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998)). In other words, if Congress has completely preempted a particular area of the law, any civil complaint raising a claim in that area is necessarily federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63, 107 S.Ct. 1542, 1545–46, 95 L.Ed.2d 55 (1987). A federal cause of action is then, in effect, substituted for the plaintiff's state law claim, making it one that arises under federal law, thereby conferring removal jurisdiction upon the federal court.

■ Here, the Defendants assert that the Plaintiffs have artfully pled state law claims that necessarily arise under various federal laws, including the Truth in Lending Act, thereby rendering removal of this case proper. As noted above, however,

---

**2.** Rule 21 provides in pertinent part that "[a]ny claim against a party may be severed and proceeded with separately." *See* Fed. R.Civ.P. 21.

the Fifth Circuit has made clear that, in the absence of complete preemption, a plaintiff remains the master of the complaint. *Waste Control Specialists,* 199 F.3d at 784; *see also Terrebonne Homecare,* 271 F.3d at 188. In so ruling, the Fifth Circuit confirmed that the practice of a removal court seeking to determine whether the real nature of a claim is federal, regardless of the plaintiff's characterization, is correctly confined to areas of the law completely pre-empted by federal substantive law. *See Waste Control Specialists,* 199 F.3d at 783–84 ("Without complete preemption, the artful pleading doctrine does not apply."); *Terrebonne Homecare,* 271 F.3d at 188–89 ("The artful pleading doctrine does not apply, however, unless federal law completely preempts the field.").

■ Here, the court finds that it is axiomatic that the various federal laws and regulations listed by the Defendants in their Notice of Removal do not completely preempt any of the non-bankrupt Plaintiffs' state law claims. The United States Supreme Court has found only a few areas of complete preemption—claims within the Employee Retirement and Income Security Act, claims within the Railway Labor Act, and certain claims within the Labor Management Relations Act—none of which have been invoked in this case. *See Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, 263, 114 S.Ct. 2239, 2249, 129 L.Ed.2d 203 (1994); *Metropolitan Life,* 481 U.S. at 62–67, 107 S.Ct. 1542; *Avco v. Aero Lodge No. 735,* 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968). In addition, some lower federal courts have held that other federal acts, none of which are implicated in this case, completely preempt state law actions. *See, e.g., Potter v. Delta*

*Air Lines, Inc.,* 98 F.3d 881, 884 (5th Cir.1996) (Warsaw Convention); *Rosciszewski v. Arete Assocs., Inc.,* 1 F.3d 225, 232 (4th Cir.1993) (Copyright Act); *Stamps v. Collagen Corp.,* 984 F.2d 1416, 1420 (5th Cir.1993) (Federal Medical Device Act).

Accordingly, in light of the Fifth Circuit's explanation of the limited role of the artful pleading doctrine in federal question jurisdiction analysis, and the express recognition of the Plaintiffs' right—as master of their complaint—to avoid federal jurisdiction by electing to proceed solely under state law in their state court action, the court concludes that none of the non-bankrupt Plaintiffs' claims arise under federal law. The Plaintiffs pled only state law causes of action in their complaint and they are not relying on federal law to support any of their claims; all of their claims, therefore, arise under and will succeed or fail based solely on state law.[3] This court, therefore, is without subject matter jurisdiction to adjudicate the claims of the non-bankrupt Plaintiffs, and remand of their claims to state court is proper. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, the court shall remand the claims of the seventeen non-bankrupt Plaintiffs to state court, and shall retain jurisdiction over the claims of the bankrupt Plaintiff.

THEREFORE, it is hereby ORDERED that:

(1) the claims of the bankrupt Plaintiff, Christine Petty, are hereby SEVERED from the claims of the remaining seventeen Plaintiffs;

---

**3.** In their complaint, the Plaintiffs specifically disclaim any federal claims, stating that "[t]he Plaintiffs' claims are brought solely under Mississippi law, and Plaintiffs do not bring any Federal claims and/or disclaim any and all claims under any federal laws, statutes, or regulations." *See* Complaint at p. 3, ¶ 7.

(2) the Plaintiffs' motion to remand (docket entry 14) is GRANTED IN PART and DENIED IN PART;

(3) the motion to remand is DENIED as to the claims of Christine Petty; her claims remain in the jurisdiction of the United States District Court for the Northern District of Mississippi; and

(4) the motion to remand is GRANTED as to the claims of the remaining seventeen Plaintiffs, and their claims are hereby REMANDED to the Circuit Court of Lowndes County for final adjudication.